Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued May 12, 2011            Decided June 9, 2011

No. 09-3140

UNITED STATES OF AMERICA,
APPELLEE

v.

DEONTE MARSHALL,
APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:08-cr-00219)

———

*Gregory Stuart Smith*, appointed by the court, argued the cause and filed the briefs for appellant.

*Stephen R. Prest*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *Roy W. McLeese III* and *John P. Mannarino*, Assistant U.S. Attorneys.

Before: ROGERS, TATEL and GRIFFITH, *Circuit Judges*.

Opinion for the Court by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*: Deonte Marshall was indicted for unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g). Despite his repeated requests for a speedy trial, this straightforward one-count single defendant case languished in the district court for fourteen months — 436 days — before trial finally began. In delaying the trial the district court relied on a government filing, styled as a "motion" to admit evidence of other crimes pursuant to Federal Rule of Evidence 404(b), as a placeholder that would suspend operation of the Speedy Trial Act's 70-day time limit, *see* 18 U.S.C. § 3161(c)(1).[1] This despite the district court's acknowledged practice of not resolving such Rule 404(b) "motions" until immediately prior to trial or during the trial itself.

Although Marshall's court appointed counsel filed a motion to dismiss the indictment for violation of the Speedy Trial Act, and a supplement, counsel did not challenge the district court's exclusion of the time following the Rule 404(b) filing, which

---

[1] The Speedy Trial Act provides that:

> In any case in which a plea of not guilty is entered, the trial of a defendant . . . shall commence within seventy days from [the later of (1)] the filing date . . . of the information or indictment, or . . . [(2)] the date the defendant has appeared before a judicial officer of the court in which such charge is pending . . . .

18 U.S.C. § 3161(c)(1) (2006). The Act provides that seven "periods of delay shall be excluded in computing . . . the time within which the trial . . . must commence." *Id.* § 3161(h). Relevant here, one such period is "delay resulting from any pretrial motion from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Id*. § 3161(h)(1)(D).

allowed the district court to conclude Marshall's Speedy Trial Act rights were not violated. In failing to do so, counsel overlooked: (1) precedent of this court holding that a closely analogous evidentiary filing does not toll the Speedy Trial Act clock; (2) the prosecutor's expression of concern during a hearing that the Rule 404(b) filing did not toll the Speedy Trial Act clock; and (3) Marshall's own repeated pleas to the district court and his counsel to scrutinize the record for a Speedy Trial Act violation. Under the circumstances, the performance of his pretrial counsel was constitutionally deficient. In view of the violation of Marshall's Sixth Amendment right to the effective assistance of counsel when counsel failed to challenge whether a Rule 404(b) filing tolls the 70-day period under the Speedy Trial Act, the court vacated the judgment of conviction and ordered a remand, with opinion to follow. *See* Order, May 13, 2011. This is that opinion.

## I.

The grand jury returned its indictment on July 22, 2008 based on a weapon seized from a locked room during the execution of a search warrant of the house where Marshall lived with his mother. Marshall was arraigned on July 30, 2008, entering a plea of not guilty.[2] At the first status conference, held August 19, 2008, the prosecutor expressed his view that "we do need to set a trial date today unless motions are going to be filed pretty soon." Tr. Aug. 19, 2008, at 3. The district court responded that its practice was not to set trial dates "until later in the process," *id.* at 4, and directed the prosecutor to "get your

---

[2] The next day, July 31, 2008, his appointed counsel filed a motion to withdraw, which motion was granted four days later, on August 4, 2008, at which time his new appointed counsel entered an appearance. The withdrawal motion tolled the Speedy Trial Act clock for four days. *See* FED R. CRIM. P. 45(a)(1)(A).

motions in the sooner the better," *id.* at 5. The district court reiterated the message at the next status conference, held September 9, 2008, again declining to set a trial date and stating that the Speedy Trial Act clock would be tolled once motions were filed, and the court was "expecting at least one in the next day." Tr. Sept. 9, 2008, at 10–11.

Two days later, on September 11, 2008, the fifty-first day after indictment (and the forty-seventh day on the Speedy Trial Act clock), the government filed a pleading styled as the "United States' Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b)." In this filing the government indicated that it intended to use evidence of the circumstances surrounding Marshall's prior conviction for the same crime — unlawful possession of a firearm — as evidence that his possession of the seized weapon was knowing and intentional, not due to accident or mistake. At a status conference held on October 23, 2008 — the ninety-third day following indictment (the eighty-ninth day on the Speedy Trial Act clock) — defense counsel told the district court that he had not yet filed a motion to suppress the seized evidence and Marshall's statement (unrelated to the prosecutor's Rule 404(b) filing) because of an unexpected delay in obtaining a needed transcript. But, defense counsel continued, he thought that the delay "was not endangering [Marshall's] Speedy Trial rights because the government had already filed a 404(b) motion." Tr. Oct. 23, 2008, at 4. The district court responded: "It had. So the statute is tolled for now anyway." *Id.*

The prosecutor, however, was not so sure, advising the district court that "there is perhaps some dispute in the case law about whether or not that type of motion" — referring to the Rule 404(b) filing — "is sufficient to . . . toll the Speedy Trial [Act] clock." *Id.* at 6. "[I]n an abundance of caution," the prosecutor asked the district court to "make findings that the

time has been spent . . . in the interest of justice and for the sake of the defendant in this case[,] that the time would have been tolled anyway [even absent the Rule 404(b) filing]." *Id.* at 7. The district court refused, advising the prosecutor that "it is this Court's practice and has been for seven years that a 404 motion is sufficient for the purpose [of tolling the clock]." *Id.*

The prosecutor's concerns were well founded. In *United States v. Harris*, 491 F.3d 440 (D.C. Cir. 2007), over a year before Marshall was indicted, this court held that a closely analogous pretrial filing pursuant to Federal Rule of Evidence 609 was not a pretrial motion that tolls the Speedy Trial Act clock. 491 F.3d at 443–44. The court held instead that a Rule 609 filing is, under the plain text of Federal Rule of Criminal Procedure 12(b)(4)(A), a filing that "notif[ies] the defendant of [the government's] intent to use specified evidence at trial in order to afford the defendant an opportunity to object before trial under Rule 12(b)(3)(c)," which governs the timing of motions to suppress evidence. The court reasoned that the government's Rule 609 filing, notifying the defendant of the government's intent to impeach him with his prior convictions, is merely a non-tolling notice; a defendant who objects to use of the evidence may file a motion to suppress under Rule 12(b)(3)(C), which would toll the Speedy Trial Act clock as only then would the district court be called upon to act. *Id.* at 444.

Then, three weeks before Marshall was indicted on July 22, this court applied *Harris*'s holding in *United States v. Van Smith*, 530 F.3d 967 (D.C. Cir. 2008), again holding that a government Rule 609 filing — even if styled as a "motion" — is "an evidentiary notice that does not qualify as a pretrial motion under the Speedy Trial Act." 530 F.3d at 970; *see also United States v. Bryant*, 523 F.3d 349, 358 (D.C. Cir. 2008). The court explained that "[o]ur conclusion that the government's evidentiary filing was not a pretrial motion, in addition to being

compelled by *Harris*, is animated by our understanding of the purposes of the Speedy Trial Act." *Id.* at 971. Joining the First Circuit, the court concluded that "to treat such [evidentiary] filings, which are 'commonly carried over until trial,' as pretrial motions that toll the speedy trial clock would allow the government to circumvent the Speedy Trial Act by submitting its filings 'at an early stage and then failing to press for prompt disposition.'" *Id.* (quoting *United States v. Rush*, 738 F.2d 497, 505–06 (1st Cir. 1984)). Moreover, although declining on forfeiture grounds to reach the question whether a Rule 404(b) filing is treated the same way as a Rule 609 filing for Speedy Trial Act purposes, the *Van Smith* majority also acknowledged that it "may well be" the case that a Rule 404(b) filing, like a Rule 609 filing, does not toll the Speedy Trial Act clock. *Id.* at 974. If the logic of the majority's analysis was not clear enough to indicate that it also applied to a Rule 404(b) filing, the dissenting opinion provided the roadmap: upon concluding the forfeiture rule was inapplicable in the circumstances, the dissent in *Van Smith* reasoned that the Rule 404(b) question "is controlled by the court's analysis of the Rule 609 filing." 530 F.3d at 976 (Rogers, J., dissenting). Pointing to *en banc* authority, the dissent noted that it is "long settled in this circuit" that Rule 404(b) evidence is admitted at trial pursuant to the same notice-and-objection procedure as Rule 609 filings, *id.* at 979 (quoting *United States v. Crowder*, 141 F.3d 1202 (D.C. Cir. 1998) (en banc)), and further that "the rights that Congress secured in the Speedy Trial Act do not hinge on labels applied by the parties to their filings," *id.* at 980 (citing *Van Smith*, 530 F.3d at 970–71 (maj. op.); *United States v. Santoyo*, 890 F.2d 726, 727 (5th Cir. 1989); *United States v. Noah*, 130 F.3d 490, 495 (1st Cir. 1997)). The dissent thus reasoned that the Rule 404(b) analysis was indistinguishable from the Rule 609 analysis undertaken by the *Van Smith* majority and earlier by the court in *Harris*, and the *Van Smith* majority did not dispute this reasoning.

Marshall, while perhaps unfamiliar with this development in the case law, was insistent that his speedy trial rights were being violated. At the end of the October 23, 2008 hearing, Marshall expressed his frustration with the delay in the proceedings, and suggested a willingness to proceed with trial immediately, repeatedly mentioning his "hundred days," *id.* at 11, 12, presumably referring to the sum amount of non-excludable time allowed under the Speedy Trial Act between arrest and the start of trial. *See* 18 U.S.C. § 3161(b), (c)(1). At a December 2, 2008 status conference, Marshall asserted that his "Sixth Amendment [speedy trial right] has been violated and [his statutory] 70 days has been violated," and further that he was willing to drop all of his motions if it meant he could go to trial that day. Tr. Dec. 2, 2008, at 10. On March 23, 2009, Marshall again expressed the view that his right to a speedy trial had already been violated, and he implored the district court to "take a look at that [issue] really." Tr. Mar. 23, 2009, at 19. Seemingly frustrated in part by the continued delays in the proceedings, Marshall asked for and received new appointed counsel on May 11, 2009; new appointed counsel entered his appearance on May 29, 2009. During a June 1, 2009 hearing, Marshall stated in court that the "Speedy Trial Act [has been] violated since last March" and he again asked the district court to examine the issue. Tr. June 1, 2009, at 12.

Despite these clear warning flags, Marshall's counsel — both counsel who entered an appearance on August 4, 2008 and substitute counsel who took over on May 29, 2009 — did not challenge the district court's ruling that a Rule 404(b) filing tolls the Speedy Trial Act clock. Nor did counsel raise the issue after the prosecutor referred to the Rule 404(b) filing as a "notice" — rather than a motion — during a hearing, nor when the district court indicated its practice was to rule on Rule 404(b) issues "either just prior to the trial or at the trial." Tr. Mar. 23, 2009, at 5, 7. Indeed, counsel agreed with the district court's

exclusion of the time following the Rule 404(b) filing on at least three occasions: at the October 23, 2008 hearing, in a March 23, 2009 motion to dismiss under the Speedy Trial Act, and a June 24, 2009 supplement to the motion to dismiss. In the supplement counsel cited *Van Smith* for the proposition that the time following the government's Rule 609 filing should not be excluded, but inexplicably (in view of both the majority and dissenting opinions) proceeded to argue that the speedy trial clock was tolled for forty days following the government's Rule 404(b) filing. Then, through counsel, Marshall opposed the Rule 404(b) filing on June 3, 2009, and the district court heard argument on July 10, 2009, and took the matter under advisement. The record does not reflect that the Rule 404(b) issue was ruled on prior to trial. Neither does it reflect that the district court ruled on the speedy trial motion except to state, at a pretrial hearing, that it agreed with the prosecutor's position and did not think the motion to dismiss was "going anywhere." Tr. July 10,. 2009, at 43.

In the end, the trial did not begin until October 1, 2009, 436 days after Marshall was indicted and the Speedy Trial Act clock began to run.[3] Although much of the time was properly excluded on account of pretrial motions and in the interest of justice, there is no dispute that but for the district court's exclusion of time pursuant to the Rule 404(b) filing, the Speedy Trial Act's seventy-day time limit was violated. The government appendix filed in this court and the district court

---

[3] Marshall had already appeared in court on a parallel criminal complaint that was dismissed prior to his indictment. Hence, Marshall maintains, and the government does not dispute, that the Speedy Trial Act's 70-day period began to run on the date of his indictment, July 22, 2008, and not on the date of his subsequent arraignment. *See* 18 U.S.C. § 3161(c)(1). The eight day difference has no effect on the violation of the Speedy Trial Act 70-day timeline.

docket reflect no other tolling events from August 4 to December 1, 2008 (when Marshall filed his motion to suppress evidence and the clock was tolled), which is more than 70 days after Marshall's indictment. After a three-day trial, the jury found Marshall guilty of the lone firearm possession count and the district court sentenced him to eight years' imprisonment and 36 months' supervised release. Through new appointed appellate counsel, Marshall maintains, among other arguments, that his pretrial counsel were unconstitutionally ineffective in failing to challenge the Rule 404(b) time exclusion for Speedy Trial Act purposes. We agree.

## II.

The Sixth Amendment entitles a criminal defendant to the assistance of "reasonably effective" counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Reversal due to ineffective assistance is warranted only if a defendant satisfies *Strickland*'s familiar two-prong inquiry. First, a defendant must show that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, a defendant must also show a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Although Marshall raises his ineffective assistance of pretrial counsel claim for the first time on appeal, the record suffices to decide the issue and a remand is unnecessary, *see United States v. Mouling*, 557 F.3d 658, 668–69 (D.C. Cir. 2009), *cert. denied*, 130 S.Ct. 795 (2009); *United States v. Fennell*, 53 F.3d 1296, 1303–04 (D.C. Cir. 1995).

On the first prong, counsel is ineffective if counsel's acts or omissions fall "outside the wide range of professionally competent assistance" based on "[p]revailing norms of practice" and the "facts of the particular case, viewed as of the time of

counsel's conduct." *Strickland*, 466 U.S. at 688, 690. Marshall's pretrial counsel fell below this standard in failing to object to the exclusion of the Rule 404(b) filing time in the Speedy Trial Act calculation. Although counsel need not raise every conceivable non-frivolous argument in order to provide objectively reasonable representation, *see Engle v. Isaac*, 456 U.S. 107, 133–34 (1982); *Fennell*, 53 F.3d at 1303–04; *cf. Jones v. Barnes*, 463 U.S. 745, 752–53 (1983), in the fact-specific circumstances here we cannot conceive of any "sound strategic reasons for not pursuing the [Speedy Trial Act] violation," *United States v. Richardson*, 167 F.3d 621, 626 (D.C. Cir. 1999). Indeed, counsel *did* pursue the Speedy Trial Act violation in two separate filings, but in both failed to make the argument that could have resulted in dismissal of the indictment. This despite: the clear application of the logic of this court's opinions in *Harris* and *Van Smith* to the Rule 404(b) filing; the roadmap provided by the *Van Smith* dissent's reasoning, which was undisputed, that the majority's analysis of a Rule 609 filing "controlled" the outcome of the Rule 404(b) issue, 530 F.3d at 976; the prosecutor's alert to the district court and defense counsel of his own uncertainty about whether a Rule 404(b) "motion" tolled the Speedy Trial Act clock; and Marshall's repeated pleas for scrutiny of the speedy trial issues. In these circumstances, reasonably effective counsel would have raised the issue, if for no other reason than to preserve it for appeal.

The second prong of the *Strickland* analysis, prejudice, requires a decision on the merits of the Speedy Trial Act issue, because there is no possibility of a different outcome in the proceeding if the exclusion of the Rule 404(b) filing time was correct. *Harris* and *Van Smith* compel the conclusion that a Rule 404(b) filing is a notice rather than a motion that tolls the Speedy Trial Act clock. This follows from the well settled rule acknowledged by the *en banc* court that the procedure for admitting Rule 404(b) evidence is identical to the notice-and-

objection procedure for Rule 609 material: "The government must identify which of the matters listed . . . it is intending to prove . . . . If the defense objects, the court must then satisfy itself that the evidence is relevant to that matter." *Crowder*, 141 F.3d at 1209. As the court observed in *Harris* and again in *Van Smith*, this procedure is governed by Federal Rule of Criminal Procedure 12(b)(4)(A), which governs pretrial evidentiary notices by the government "to afford the defendant an opportunity to object." It is a subsequent objection by the defendant — considered a pretrial motion under Rule 12(b)(3)(C) — that tolls the Speedy Trial Act clock.

On appeal, the government brief makes no meaningful effort to distinguish a Rule 609 filing from a Rule 404(b) filing, instead suggesting that *Harris* and *Van Smith* were wrongly decided and citing cases from other circuits that purportedly contradict our precedent. In fact, the Ninth and Eleventh Circuit cases cited by the government, *United States v. Gorman*, 314 F.3d 1105 (9th Cir. 2002), and *United States v. Jernigan*, 341 F.3d 1273 (11th Cir. 2003), held only that a *defendant's* motion to *exclude* Rule 404(b) evidence tolled the Speedy Trial Act clock, and the Eleventh Circuit declined to decide "[w]hether or not the government's [preceding Rule 404(b)] filing was a motion that required a hearing and tolled the speedy trial clock." 341 F.3d at 1286; *see Gorman*, 314 F.3d at 1115. Those cases are therefore entirely consistent with *Harris* and *Van Smith*: a defendant's motion to exclude evidence is considered a pretrial motion pursuant to Federal Rule of Criminal Procedure 12(b)(3)(c) that tolls the Speedy Trial Act clock. This leaves only an unpublished summary order, *United States v. Rojas*, 7 F. App'x 9 (2d Cir. 2001), which has no precedential effect even in the Second Circuit, *see* 2d Cir. R. 32.1.1(a), and what little reasoning it contains is unpersuasive given that its holding is inconsistent with the *en banc* court's interpretation of Rule 12

in *Crowder* and with our subsequent decisions in *Harris* and *Van Smith*.

At oral argument, government counsel suggested that even if there is no distinction to be made in the generic case, here the prosecutor sought a pretrial ruling on the matter, going as far as to attach a proposed order to the Rule 404(b) filing. Be that as it may, the prosecutor also referred to the filing as a "notice," Tr. Mar. 23, 2009, at 5, did not object when the district court declared its intention to reserve judgment on the Rule 404(b) issue until during or immediately before trial, and did not argue that Marshall had conceded the Rule 404(b) "motion" when his counsel waited over eight months to file an opposition, *see* D.D.C. Local Crim. R. 47(b). In any event, the controlling question is neither the degree of diligence with which counsel sought disposition of the filing, nor the "labels applied by the parties to their filings," *Van Smith*, 530 F.3d at 980 (Rogers, J., dissenting) (citing *Van Smith*, 530 F.3d at 970–71 (maj. op.); *Santoyo*, 890 F.2d at 727 (5th Cir.); *United States v. Noah*, 130 F.3d at 495 (1st Cir.)). Under Federal Rule of Criminal Procedure 12(b) and circuit precedent, a government filing indicating its intent to introduce Rule 404(b) evidence at trial is treated as a notice that requires no district court action and that cannot, by itself, toll the Speedy Trial Act clock. *See Van Smith*, 530 F.3d at 971 (quoting *Rush*, 738 F.2d at 505–06 (1st Cir.)).[4]

---

[4] We note that the Supreme Court recently held that filing a pretrial motion tolls the Speedy Trial Act clock "irrespective of whether it actually causes, or is expected to cause, delay in starting a trial." *United States v. Tinklenberg*, ___ S. Ct. ____, No. 09-1498, 2011 WL 2039366, at *3 (U.S. May 26, 2011). In so ruling, the Supreme Court reversed the Sixth Circuit and agreed with the long-settled practice in this court and others. *See id.*, 2011 WL 2039366, at *7 (citing, *inter alia*, *United States v. Wilson*, 835 F.2d 1440, 1443 (D.C. Cir. 1987)). The question addressed by this court in *Harris*, *Van Smith*, and now in this appeal is different from that presented to the

The government's other argument concerning prejudice is equally unpersuasive. It contends that the district court would not have granted a motion to dismiss even if Marshall had properly raised the issue because it was firmly convinced that a Rule 404(b) filing tolled the Speedy Trial Act clock. Putting aside the dubious premise that the district court would have erred had the issue been properly put before it, raising the issue would at least have preserved it for appeal, and thus Marshall would have secured dismissal of the indictment, later if not sooner. At oral argument government counsel also maintained that any dismissal of the indictment would have been without prejudice under the Speedy Trial Act, 18 U.S.C. § 3162(a)(2), and that dismissal of the indictment without prejudice is an insufficient showing of *Strickland* prejudice. Because the government raised this argument for the first time at oral argument, we decline to consider it. *See Ark Las Vegas Rest. Corp. v. NLRB*, 334 F.3d 99, 108 n.4 (D.C. Cir. 2003). Marshall therefore was prejudiced by his pretrial counsel's constitutionally deficient assistance.[5]

---

Supreme Court in *Tinklenberg*. The issue here is whether the government's evidentiary filing qualifies as a pretrial motion for Speedy Trial Act purposes. If it were a motion, then under *Tinklenberg* and this court's well-established precedent, the Speedy Trial Act clock was tolled. But because Federal Rule of Criminal Procedure 12 and our precedent do not construe the filing as a pretrial motion, the Speedy Trial Act's exclusion of a period of "delay resulting from any pretrial motion," 18 U.S.C. § 3161(h)(1)(D), was not triggered, and the Act was violated.

[5] We need not reach Marshall's alternative claim of *Strickland* prejudice resulting from the delay preventing his trial from occurring before a change in law rendered admissible a videotaped post-arrest statement that previously would have been inadmissible in the government's case-in-chief.

In vacating the judgment of conviction by order of May 13, 2011, the court remanded the case for the district court to determine whether the dismissal should be with or without prejudice. *See* 18 U.S.C. § 3162(a)(2); *United States v. Sanders*, 485 F.3d 654, 660 (D.C. Cir. 2007). In so doing, the court was mindful of the Supreme Court's direction that a remedy be "tailored to the injury suffered from the constitutional violation." *United States v. Morrison*, 449 U.S. 361, 364 (1981). In circumstances where, as here, the constitutional violation occurred prior to trial, granting a new trial on the existing indictment would not cure the harm suffered by a defendant as a result of the violation. Instead, an appropriately tailored remedy "should put the defendant back in the position he would have been in if the Sixth Amendment violation had not occurred." *United States v. Blaylock*, 20 F.3d 1458, 1468 (9th Cir. 1994). Properly raising the issue prior to trial would at a minimum have resulted in this court reviewing the Speedy Trial Act issue *de novo* and holding Marshall's statutory speedy trial right was violated.

As a result, this court has no occasion to reach two of Marshall's three other contentions. His Speedy Trial Act claim — subject to plain error review because the Rule 404(b) issue was not raised in the district court — would result in the same relief granted here for ineffective assistance of counsel, and thus there is no need to decide whether the error was plain. And his claim of jury coercion by the district court as a result of *ex parte* and other interactions with one juror who "decided his fate," Appellant's Br. 31, would result only in a new trial, and thus it, too, need not be decided. Regarding Marshall's contention that his Sixth Amendment right to a speedy trial was also violated and that the government did not overcome the presumption of prejudice for delays of longer than one year, factual findings are required pursuant to *Barker v. Wingo*, 407 U.S. 514 (1972), and in view of the record before this court the district court is better

suited to make these findings in the first instance, if necessary. *See Doggett v. United States*, 505 U.S. 647, 651–54 & 652 n.1; *United States v. Jones*, 524 F.2d 834 (D.C. Cir. 1975).

Accordingly, we vacated the judgment of conviction because Marshall was denied his right under the Sixth Amendment to the effective assistance of pretrial counsel, and remanded the case for the district court to determine whether dismissal for violation of the Speedy Trial Act shall be with or without prejudice to his re-prosecution. *See* Order, May 13, 2011. If the district court determines that the dismissal of the indictment should be without prejudice, then it must make findings in order to determine, in the first instance, whether Marshall's right to a speedy trial under the Sixth Amendment was violated.