10-2509-pr
United States v. Howard

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of October, two thousand eleven.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             GERARD E. LYNCH,
                          *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                          *Appellee*,

             v.                                          10-2509-pr

JOHN E. HOWARD, III, WILLIAM PENDELTON, AKA KASHIEM, AKA WILLIAM PENDLETON, ROLAND RIGGINS, GLENN SMITH, JR., AKA KABAR, DANIEL WILLIAMS, KENNETH GIBSON, AKA KG, CHRISTOPHER RESTIFO, SANTIAGO CASTILLO, AKA VICTOR, AFFIS CRUZ, JULIO SIERRA, AKA "P",

                          *Defendants*,

             v.

REDMOND ANDRE MCKINNON, AKA BORN PRINCE,

                          *Defendant-Appellant*.

_____

For Appellant:          David L. Lewis, Lewis & Fiore, New York, N.Y.

For Appellee:           Paul D. Silver (Terrence M. Kelly, on the brief), Assistant United
                        States Attorneys (of counsel), *for* Richard S. Hartunian, United
                        States Attorney for the Northern District of New York, Albany,
                        N.Y.

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Redmond Andre McKinnon appeals from a May 27, 2010, order of the United States District Court for the Northern District of New York, denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2255. On appeal, McKinnon argues that his counsel was ineffective in violation of the Sixth Amendment for advising him to plead guilty instead of challenging the federal drug charges against him on both statutory and constitutional speedy trial grounds. In addition, McKinnon argues that the district court abused its discretion by not holding a hearing on his habeas petition. Finally, he claims that his appellate counsel was ineffective for not filing an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967). We assume that the parties are familiar with the underlying facts of the case and the issues on appeal.

In reviewing "a district court's denial of habeas relief, we review its legal determinations de novo and its factual determinations for clear error." *Parisi v. United States*, 529 F.3d 134, 137 (2d Cir. 2008). With regard to the denial of McKinnon's request for a hearing on his habeas petition, "[w]e review the . . . denial . . . for abuse of discretion." *Chang v. United States*, 250 F.3d 79, 82 (2d Cir. 2001).

Nearly three and a half years elapsed between McKinnon's arrest on June 9, 2004, and his eventual guilty plea on January 7, 2008. On appeal, McKinnon argues that his counsel should have challenged his indictment by arguing that such a lengthy delay violated the Speedy Trial Act of 1974 as well as the Sixth Amendment. As part of his plea agreement, however, McKinnon "waive[d] any and all rights . . . to appeal or collaterally attack his conviction and any sentence of imprisonment of 292 months or less." Joint App. 62.

"This Court has repeatedly upheld the validity of such waivers, with the obvious caveat that such waivers must always be knowingly, voluntarily, and competently provided by the defendant." *United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000). A defendant may only prevail on such an appeal if the plea itself "was not knowing and voluntary because 'the *advice* he received from counsel was not within acceptable standards.'" *Parisi*, 529 F.3d at 138 (emphasis added) (citation omitted). Therefore, while McKinnon's waiver of appellate rights is far-reaching, he may still claim that his plea did not "represent[] a voluntary and intelligent choice among the alternative courses of action open to the defendant," *North Carolina v. Alford*,

2

400 U.S. 25, 31 (1970), given his trial counsel's alleged failure to advise him of his right to a speedy trial.

Our review of McKinnon's ineffective assistance claim is governed by *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that in order for a defendant to prevail on a claim of ineffective assistance, he "must show that counsel's representation fell below an objective standard of reasonableness," *id.* at 688, and "that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

McKinnon makes three principal arguments challenging the exclusion of various periods of time from his speedy trial clock. First, McKinnon argues that the Speedy Trial Act requires that once a defendant – or even *the government* – makes a motion for severance in a joint trial, any delays attributable to a co-defendant be reasonable. The Act specifically allows for "[a] *reasonable* period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and *no motion for severance has been granted*." 18 U.S.C. § 3161(h)(6) (emphasis added). In *United States v. Vasquez*, 918 F.2d 329 (2d Cir. 1990), this Court held that the exclusion provision "requir[es] a *defendant* to make a motion for severance in order to benefit from the reasonableness limitation." *Id.* at 336 (emphasis added). McKinnon's argument is thus inconsistent with the holding in *Vasquez.*

McKinnon next argues that the district court failed to sufficiently articulate its findings and reasoning, as required under the Speedy Trial Act, before granting five ends-of-justice delays of McKinnon's trial. The Act grants a trial judge broad discretion to grant "continuance[s] on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Supreme Court has made clear that "the Act requires *express findings*." *Zedner v. United States*, 547 U.S. 489, 506 (2006) (emphasis added). A mere "passing reference to [a] case's complexity," for instance, does not suffice. *Id.* at 507.

The district court granted five ends-of-justice continuances that delayed McKinnon's trial. Each of the five continuances granted by the court was made in the form of a written order that included specific findings that weighed in favor of delaying the trial. Although the findings and reasoning in at least some of the district court's orders were succinctly stated, the law does not require an exhaustive account of the court's thinking.

McKinnon also argues that at least some of the time excluded from his speedy trial clock because of pending pretrial motions, *see* 18 U.S.C. § 3161(h)(1)(D), was improperly excluded because "[a] pretrial motion that itself does not actually cause a delay, or the expectation of a delay in the trial, does not create excludable time." Appellant's Br. 40. The Supreme Court, however, recently rejected that argument in *United States v. Tinklenberg*, 131 S. Ct. 2007 (2011), *aff'g on other grounds* 579 F.3d 589 (6th Cir. 2009). In *Tinklenberg*, the Court held that a court need not find that "the filing of the pretrial motion . . . actually caused or was expected to cause delay of a trial" in order for the period between the motion's filing and disposition to be excludable under the Act. 131 S. Ct. at 2016.

3

In addition to the protections of the Speedy Trial Act, defendants are of course entitled to the protections of the Sixth Amendment, which requires that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const. amend. VI. In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court articulated four factors to be considered in determining whether a defendant's constitutional right to a speedy trial had been violated: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530.

Of the *Barker* factors, only one weighs significantly in McKinnon's favor. Around 43 months elapsed between McKinnon's arrest in June 2004 and his guilty plea in January 2008. A delay of nearly three and a half years, at least as a threshold matter, "is clearly enough to trigger the constitutional analysis with respect to the other elements of the *Barker* test." *United States v. New Buffalo Amusement Corp.*, 600 F.2d 368, 377 (2d Cir. 1979) (internal quotation marks omitted) (finding that a "54-month delay between indictment and date of trial" was "unquestionably substantial").

With regard to the reasons for the delay, the second *Barker* factor, a significant portion of the delay in McKinnon's trial was attributable to his own pretrial motions as well as ends-of-justice continuances that McKinnon did not oppose. *See Barker*, 407 U.S. at 529. Furthermore, the delay caused by the government's interlocutory appeal of a suppression ruling was reasonable given the strength of the government's argument on appeal as evidenced by the fact that the Second Circuit vacated the district court's suppression order. *See United States v. Loud Hawk*, 474 U.S. 302, 316 (1986).

As to the third *Barker* factor, whether the defendant asserted his right to a speedy trial, McKinnon concedes that this "factor . . . weighs against" him, given that "no formal assertion was made" of his Sixth Amendment right. Appellant's Br. 53.

The fourth and final *Barker* factor, whether the defendant suffered prejudice as a result of the delay in his trial, similarly does not weigh in McKinnon's favor because other than incarceration, McKinnon has neither alleged, nor established that he was prejudiced by the delay. *See Barker*, 407 U.S. at 532.

In addition to his ineffective assistance claim, McKinnon also argues that the district court abused its discretion in denying him a hearing on his petition for a writ of habeas corpus. Section 2255 requires that the court hold "a prompt hearing" on a defendant's petition for habeas relief, "[u]nless the motion and the files and records of the case *conclusively* show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b) (emphasis added). The question, in other words, is whether a defendant's "claim is . . . so clearly bereft of merit as to be subject to dismissal on its face." *Chang*, 250 F.3d at 85. But because this Court "disapproves of summary dismissal . . . where factual issues exist[]," *Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003), we have made clear that district court judges may take "a middle road," short of granting "a full-blown testimonial hearing," by requesting that the parties submit additional evidence in order to ensure that "the record [is] sufficient to support dismissal of the petition." *Chang*, 250

F.3d at 85-86.  Furthermore, in cases involving *pro se* petitions, a district court may rightly exercise even greater caution before dismissing a petition without a hearing.  *See Pham*, 317 F.3d at 186-87 (Sotomayor, J., concurring in the judgment).

It is not clear whether the district court had the benefit of a careful analysis of the running and tolling of McKinnon's speedy trial clock – an admittedly complex calculus given the sprawling number of motions, continuances, and docket entries involved.  With that said, the district court ultimately arrived at the correct result: McKinnon was not deprived of his right to a speedy trial as guaranteed by federal law or the Constitution.  Since, as discussed above, the record on its face demonstrates conclusively that McKinnon's speedy trial claim was without merit, there was no need for a hearing.  We still note, however, that even when a district court's calculations ultimately prove to be correct, the judicial process can only benefit from being able to review its math.

We have considered McKinnon's remaining arguments and find them unpersuasive.

For the foregoing reasons, the order of the district court denying McKinnon's petition for a writ of habeas corpus is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk