UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


United States of America

    v.                             Criminal No. 14-cr-12-01-JD
                                      Opinion No. 2015 DNH 139

Peter Apicelli


O R D E R


Peter Apicelli again moves to dismiss the charge against him of manufacturing marijuana or, alternatively, to preclude the government from using at trial any of the videotape evidence taken by a surveillance camera on his property. The current motion arises from the government's disclosure, just before trial was scheduled to begin, of four compact discs of additional videotape footage. The government objects to the motion.

The video footage taken by a surveillance camera on Apicelli's property has been addressed repeatedly in prior orders.[1] The footage that is the subject of the current motion was discussed at a hearing held on June 8, 2015, and in the order issued on June 16, 2015. That footage is the result of

---

[1] Some of the video footage, which was disclosed to Apicelli before any issues about discovery arose, show a man tending marijuana plants on Apicelli's property. The man was identified as Apicelli.

weather or animals that triggered the motion detector on the surveillance camera.  Because this footage was not triggered by suspicious activity, it is referred to as the "false trigger" footage.[2]

A.  Hearing

Apicelli requests a hearing on his motion.  He cites no authority to support his request.  As the court has explained previously, Apicelli has no right to a hearing on a motion to suppress or on a motion to dismiss.  United States v. Cintron, 724 F.3d 32, 36 (1st Cir. 2013); United States v. Brown, 621 F.3d 48, 57 (1st Cir. 2010); United States v. Panitz, 907 F.2d 1267, 1273 (1st Cir. 1990).  Instead, the burden is on Apicelli to "show that there are factual disputes which, if resolved in his favor, would entitle him to the requested relief." Cintron, 724 F.3d at 36 (internal quotation marks omitted); Panitz, 907 F.2d at 1273.

There appears to be no dispute about what the false trigger videos show:  a wooded area of Apicelli's property near the apple orchard where marijuana was growing.  Apicelli argues that the false trigger videos support his argument that the videotape

---

[2] The four compact discs that the government produced on June 6, 2015, also included previously-disclosed footage of a man tending marijuana plants.

images from the surveillance camera are of low quality.  He

contends that the poor quality of the images requires that all

of the video footage should be excluded from trial.  The court

has reviewed the recently-produced compact discs.  Apicelli has

not identified any factual issue that should or even could be

addressed by a hearing.

Therefore, because Apicelli has not carried his burden of

showing a hearing is necessary, no hearing will be held on his

motion.

B.  Discovery

Apicelli asserts that the charge against him must be

dismissed or all video evidence must be suppressed due to "the

Government's continued failure to honor his constitutional

rights to prompt and full discovery (including all potentially

exculpatory or impeaching material) which failure also violated

his statutory and constitutional rights to speedy trial and due

process."[3]  As the court's prior orders state, the government is

and has been aware of its discovery obligations and has provided

all of the discovery it was required to produce and some that it

_____

[3] Despite knowing that recordings had been made due to false
triggers of the surveillance camera, Apicelli never requested
that footage.

was not required to produce.[4]  Therefore, because the government has not violated its discovery obligations, no grounds exist to impose sanctions.  See Fed. R. Crim. P. 16(d)(2).

Even if the government had engaged in discovery abuses, the imposition of sanctions depends on the seriousness of the abuse and whether the defendant was prejudiced.  United States v. Josleyn, 99 F.3d 1182, 1196 (1st Cir. 1996); see also United States v. Jones, 620 F. Supp. 2d 163, 170-79 (D. Mass. 2009).  Further, the "drastic remedy of dismissal" is not available when discovery problems can be addressed by other means that mitigate any prejudice to the defendant.  United States v. Soto-Beniquez, 356 F.3d 1, 30-31 (1st Cir. 2004); see also United States v. Luisi, 482 F.3d 43, 59 (1st Cir. 2007).

Apicelli has had ample opportunity to review the four compact discs of videotapes and to develop any defenses that evidence might support.  Therefore, the government's decision to produce four compact discs of videotaped just before trial, which has been continued, is not grounds to dismiss the charge or to suppress other videotape evidence.

---

[4] Apicelli cites only a general boilerplate discovery request made to the state officials who handled this case before it was referred to the United States Attorney and the general discovery obligations under the Federal Rules of Criminal Procedure to show that the materials should have been disclosed.  In the absence of any developed argument that the government was obligated to produce these compact discs, Apicelli has not shown that the government violated any discovery obligation.

4

C.    Speedy Trial

Apicelli again argues that his right to a speedy trial under the Speedy Trial Act and the Sixth Amendment has been violated.  He is mistaken.  The issue of speedy trial was addressed by the court in the orders issued on April 17, 2015, and June 4, 2015.  Subsequent continuances were granted to serve the ends of justice, and Apicelli has not shown that the delay has prejudiced his defense.  See United States v. Tinklenberg, 131 S. Ct. 2007, 1010 (2011; United States v. Carpenter, 781 F.3d 599, 608 (1st Cir. 2015).  Therefore, no violation of the Speedy Trial Act or the Sixth Amendment has occurred.[5]

D.  Suppression

The order issued on June 8, 2015, set a schedule for, among other things, Apicelli to file "any motion related to the newly disclosed videotape footage."  Despite that limitation, Apicelli revisits the order issued on May 4, 2015, that denied his motion to suppress the evidence seized during the search of his house. He now argues that he should be allowed to make new arguments based on the grand jury testimony of Sergeant Payer, which was provided to Apicelli more than two months ago.  Apicelli's

---

[5] To the extent Apicelli urges the court to revisit the analyses and holdings in prior orders pertaining to the Speedy Trial Act and the right to a speedy trial under the Sixth Amendment, his request for reconsideration comes too late, and in any case, is unpersuasive.

arguments are inapposite to the limited scope of the motion allowed, are untimely, and provide no cognizable basis to reconsider, again, the order denying his motion to suppress the evidence seized during the search of his house.[6]

Apicelli argues that all of the videotape footage from the surveillance camera must be suppressed because the images are of poor quality. Apicelli submitted the four compact discs of video footage that were produced on June 6, 2015. The clips show the wooded area where the surveillance camera was focused, with varying amounts of light, sometimes with wind blowing or rain falling. The first clip on Exhibit 2 shows a bearded man, identified as Detective Blodgett, moving in the area as he was setting up the camera. Another clip shows a deer moving through the area. The last clips on Exhibit 4 show a man, who was later identified as Apicelli, tending the plants.

In the context of Apicelli's previous motion to suppress, the court reviewed the footage showing a man, later identified as Apicelli, tending the plants. The court ruled, in denying Apicelli's motion to suppress, that Apicelli had not shown that

---

[6] Apicelli contends that Bain was acting as a police agent when he participated in the search of Apicelli's property with Campton police officers and the New Hampshire Drug Task Force. As has been explained in prior orders, that search involved areas outside the curtilage. Therefore, Bain's status is not relevant to the legality of the search.

Bain's identification of him in the videotape footage was so unreliable as to be inadmissible.[7]  Apicelli now argues that the false trigger videos bolster his argument that the videotape is too indistinct to support an identification and argues further that all of the videotape footage should be excluded from trial.

Apicelli refers generally to the four discs of footage without citing any specific part as particularly probative of his theory that the footage is of poor quality.  Based on the court's own viewing of the footage, the video footage is not of such poor quality that it must be excluded.  Therefore, no grounds have been shown to preclude the government from using the videotape evidence at trial.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss or, in the alternative to exclude certain evidence from trial, (document no. 79) is denied.

SO ORDERED.

Joseph DiClerico, Jr.
United States District Judge

July 17, 2015
cc:  Sven D. Wiberg, Esq.
     Charles L. Rombeau, Esxq.

---

[7] In addition, this may be a moot point as the government has indicated that it will not call Bain to identify Apicelli.

Donald A. Feith, Esq.
United States Marshal
United States Probation