**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

CARL ROMERO,
*Defendant-Appellant.*

No. 15-30023

D.C. No.
2:12-cr-00388-MJP-1

OPINION

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted May 5, 2016
Seattle, Washington

Filed August 15, 2016

Before: Susan P. Graber, Marsha S. Berzon,
and Mary H. Murguia, Circuit Judges.

Opinion by Judge Berzon

## SUMMARY[*]

### Criminal Law

Affirming a conviction for being a felon in possession of a firearm, the panel held that the Speedy Trial Act unambiguously requires the exclusion of all time during which a defendant is incompetent to stand trial, 18 U.S.C. § 3161(h)(4), and other delays that may or may not occur during a period of incompetency are irrelevant to the Speedy Trial Act calculation.

### COUNSEL

William C. Broberg, II (argued), Law Office of William Broberg, Seattle, Washington, for Defendant-Appellant.

Teal Luthy Miller (argued), Assistant United States Attorney; Annette L. Hayes, United States Attorney; Office of the United States Attorney, Seattle, Washington; for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

BERZON, Circuit Judge:

Appellant Carl Romero challenges his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) on the ground that it violated the Speedy Trial Act. He contends that the district court improperly excluded 81 days that he maintains amounted to an "unreasonable" delay under 18 U.S.C. § 3161(h)(1)(F), which governs the exclusion of transportation-related periods of delay. Because Romero was incompetent to stand trial during the relevant period, we conclude that all of the days were properly excluded under 18 U.S.C. § 3161(h)(4), and we therefore affirm.

I.

On November 3, 2012, Carl Romero was arrested by police officers who found a firearm on his person. Romero had previously been convicted of a felony in Washington State court. After his 2012 arrest, a grand jury returned an indictment against Romero, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Romero pleaded not guilty.

On the day of his arraignment, the court granted a motion by Romero's appointed counsel requesting a mental competency evaluation. Following that evaluation and a competency hearing, the court found that Romero was competent to stand trial. Shortly thereafter, Romero's counsel notified the court that Romero wished to represent himself and asked leave to withdraw on that ground. After conducting a hearing pursuant to *Faretta v. California*,

422 U.S. 806 (1975), the court found that Romero had knowingly and voluntarily waived his right to appointed counsel and allowed him to proceed pro se.

On May 13, 2013, the parties appeared for the first day of trial. Before beginning jury selection, the court sought to confirm that Romero wanted to represent himself and that he would be able to follow the court's instructions if he did so. In the exchange that followed, Romero was argumentative, aggressive, and at times rambling and incoherent. In light of this behavior, the court determined that Romero would be unable to follow its directives and, relying on *Indiana v. Edwards*, 554 U.S. 164 (2008), ruled that Romero, while competent to stand trial, was not competent to represent himself. The court adjourned the case to allow for the appointment of counsel.

Romero's newly appointed counsel moved for an additional continuance to conduct a further evaluation of Romero's competence. The district court granted the motion. Beginning on November 21, the court conducted a two-day competency hearing. After hearing testimony from the two experts who had already evaluated Romero, the court ordered a third, independent competency evaluation.

The next competency hearing took place in March 2014. Testifying during that hearing, the independent expert opined that Romero was not competent to stand trial. The district court issued an order on March 19, 2014, finding Romero not competent and ordering him "committed to the custody of the Attorney General for a reasonable period of time, not to exceed four months, for the purpose of restoration of competency, pursuant to 18 U.S.C. § 4241(d)." The court further ordered that "the period of time from November 21,

2013, through the conclusion of the period of the defendant's commission to the custody of the Attorney General as referenced above, be excluded from a Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(1)(A)."

On July 7, 2014, the district court received a letter from the warden of the United States Medical Center for Federal Prisoners stating that Romero had not been received for psychological evaluation and treatment until June 19, 2014. The letter gave no explanation for the three-month delay between the court's transfer order and Romero's arrival at the treatment facility. In light of that delay, however, the warden requested an extension of the period of Romero's commitment to 120 days from the date of his arrival. Romero, through counsel, objected to the proposed extension and asserted that he "does not waive any rights that he may have under the Speedy Trial Act." The district court granted the extension in a minute order.

In early November, the warden sent the district court a Certificate of Competency and the report of the doctor who had treated Romero. The parties next appeared before the court for a status conference on November 18, 2014, at which point the court set a trial date for January 20, 2015.

In the interim, the parties jointly moved for a competency evaluation based on the report of the doctor who evaluated Romero at the United States Medical Center, along with an "Addendum Evaluation" by the doctor who initially determined that Romero was not competent. At a hearing on December 12, the court determined that Romero was now competent to stand trial. Upon a renewed request by Romero to proceed pro se, and after further examination, the court

again determined that Romero was not competent to represent himself.

At the same hearing, the court also reviewed a proposed order filed by the government, making factual findings and conclusions of law relevant to the Speedy Trial Act calculation for the case and setting a new trial date of December 15, 2014. The order excluded various periods from the Speedy Trial Act period under different statutory exclusions. As relevant here, the order excluded the entire period from December 6, 2013, through December 12, 2014, under 18 U.S.C. § 3161(h)(1)(A), because Romero's "competency was being evaluated," and also under 18 U.S.C. § 3161(h)(7)(B)(i) and (ii) because of the complexity of the case and because "[a] miscarriage of justice would also likely result were the Court to proceed to trial without addressing the competency questions raised by the defense." Romero's counsel conceded that the government's "calculation of the excluded periods is correct," but stressed that Romero "has not waived any of his speedy trial rights and he continues to insist on his right to [a] speedy trial." The court adopted the proposed order.

At trial, a jury convicted Romero, and the court sentenced him to 36 months of imprisonment and another 36 months of supervised release. This appeal followed.

II.

"The Speedy Trial Act of 1974 . . . requires that a criminal defendant's trial commence within 70 days after he is charged or makes an initial appearance, whichever is later." *Bloate v. United States*, 559 U.S. 196, 198–99 (2010) (citation omitted). The Act further provides, however, that

delays caused by certain enumerated events "shall be excluded in computing . . . the time within which the trial . . . must commence." 18 U.S.C. § 3161(h). Romero argues on appeal that the district court erred in making its Speedy Trial Act calculation by excluding 81 of the 91 days between March 19, 2014, when the court ordered Romero committed to the custody of the Attorney General for the purpose of restoring his competency, and June 19, 2014, the day on which Romero actually arrived for treatment.[1]

The parties' dispute on this point hinges on the intersection of several of the exclusion provisions in the Act. Title 18 U.S.C. § 3161(h)(1) provides for the exclusion of various "period[s] of delay resulting from other proceedings concerning the defendant." As relevant here, these include "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant," *id.* § 3161(h)(1)(A), and "delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable," *id.* § 3161(h)(1)(F). The statute also provides for the exclusion of "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial." *id.* § 3161(h)(4).

---

[1] Romero suggests that the district court may also have wrongly excluded certain periods between October 18, 2014, and November 17, 2014, but he nowhere identifies those periods. He concedes that the remainder of the district court's Speedy Trial Act calculations were correct.

The district court's Order Governing Speedy Trial Act Computation excluded the entire period from December 6, 2013, through December 12, 2014, under 18 U.S.C. § 3161(h)(1)(A), because Romero's "competency was being evaluated," and also under 18 U.S.C. § 3161(h)(7)(B)(i) and (ii) because of the complexity of the case and because "[a] miscarriage of justice would also likely result were the Court to proceed to trial without addressing the competency questions raised by the defense."  The order did not differentiate among any specific periods within that time frame.

As an initial matter, the parties agree that the district court could not properly rely on § 3161(h)(1)(A) to exclude the period beginning on March 19, 2014, when the court found that Romero was not competent to stand trial.  That section applies to delays "resulting from any proceeding . . . to *determine* the" competency of a defendant.  18 U.S.C. § 3161(h)(1)(A) (emphasis added).  As of March 19, however, Romero's competency had been determined — his examinations and treatment from that point onward were for the purpose of *restoring* his competency.

The government nonetheless argues that this error was harmless because, "[w]hen the district court found that Romero was incompetent, a different provision of the [Act] came into play: section 3161(h)(4)."  The government argues that § 3161(h)(4) automatically excludes all time during which a defendant is incompetent, whether or not any other provisions of the Act apply.  Romero, on the other hand, argues that the period between the district court's March 19, 2014 order and June 19, when Romero arrived at the treatment facility, is governed by § 3161(h)(1)(F), the so-called transportation exclusion.  Because § 3161(h)(1)(F)

provides that any delays in excess of 10 days are presumed unreasonable and thus not excluded, Romero maintains that the Speedy Trial Act clock ran for 81 of the 91 days before he was transferred for treatment, and that his conviction therefore violated the Act.

We agree with the government that the entire period between March 19, 2014 — when Romero was declared incompetent — and December 12, 2014 — when the district court determined that his competency had been restored — is excludable under § 3161(h)(4). The plain meaning of the statute supports this conclusion. The statute provides that "*[a]ny* period of delay resulting from the fact that the defendant is mentally incompetent" "*shall* be excluded" from the Speedy Trial Act calculation. 18 U.S.C. § 3161(h)(4) (emphases added). On its face, this provision is absolute; any period during which a trial cannot commence because of a defendant's incompetence must be excluded. The provision's legislative history supports this interpretation, explaining that § 3161(h)(4) "provides for the exclusion from the time limits between arrest and trial of the period during which a defendant is incompetent to stand trial." H.R. Rep. No. 93-1508, at 33 (1974), *as reprinted in* 1974 U.S.C.C.A.N. 7401, 7426.

The Supreme Court's Speedy Trial Act case law further supports this result. In *United States v. Tinklenberg*, 563 U.S. 647, 650 (2011), the Court held that the exclusions listed under § 3161(h)(1) apply automatically, "irrespective of whether" one of the enumerated events "actually causes, or is expected to cause, delay in starting a trial." Section 3161(h)(1), the Court explained, should be understood as an example of a statute that "specif[ies] that a set of circumstances exhibits a certain characteristic virtually as a

matter of definition and irrespective of how a court may view it in a particular case." *Id.* at 654. Because requiring a factual inquiry into the applicability of the provisions in every instance would render them "significantly more difficult to administer," and thus "significantly hinder the Speedy Trial Act's efforts to secure fair and efficient criminal trial proceedings," the Court held that § 3161(h)(1) should apply automatically, without regard to the factual circumstances of individual cases. *Id.* at 657.

The same reasoning applies to § 3161(h)(4), which, like § 3161(h)(1), describes a specific "period of delay" which "shall be excluded" from the Speedy Trial Act calculation. The Supreme Court has "repeatedly and consistently recognized that 'the criminal trial of an incompetent defendant violates due process.'" *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996) (quoting *Medina v. California*, 505 U.S. 437, 453 (1992)). Given this foundational principle of our criminal justice system, it would make little sense to require a district court to inquire into the applicability of § 3161(h)(4) in individual cases. Rather, given that a defendant's incompetence makes a trial impossible in every instance, § 3161(h)(4) applies upon a finding of incompetence "as a matter of definition and irrespective of how a court may view it in a particular case." *Tinklenberg*, 563 U.S. at 654.

In short, we conclude that the Speedy Trial Act unambiguously requires the exclusion of all time during which a defendant is incompetent to stand trial. Because this is so, other delays that may or may not occur during a period

of incompetence are irrelevant to the Speedy Trial Act calculation;**[2]** they cannot change the statutory bottom-line.

With respect to the transportation exclusion in particular, we first note our skepticism that it applies at all in circumstances like those presented here. Section 3161(h)(1)(F) appears under the broader umbrella of § 3161(h)(1), which requires the exclusion of "[a]ny period of delay resulting from other *proceedings concerning the defendant*, including but not limited to" the section's eight subparts. 18 U.S.C. § 3161(h)(1) (emphasis added). Because each of the subparts is listed as an example of "delay resulting from . . . proceedings concerning the defendant," it appears that a transportation delay under § 3161(h)(1)(F) must, in some way, be related to such a "proceeding." "Proceeding," in legal parlance, ordinarily refers to a transaction before a court or other adjudicatory or administrative body. *See Black's Law Dictionary* (10th ed. 2014). Thus, for example, the provision would apply to a delay in transporting a defendant for psychological evaluation as part of a legal "proceeding" to determine his competency. But here, as discussed above, all such proceedings concluded with the determination that Romero was not competent. Section 3161(h)(1)(F), then, is likely inapplicable for the same reason § 3161(h)(1)(A) does not pertain — there was no proceeding pending when the delay took place. To the contrary, all proceedings had necessarily been put on hold until Romero's competency was restored.

---

**[2]** We express no opinion here as to whether such delays may affect the reasonableness of an incompetent defendant's detention under 18 U.S.C. § 4241(d)(2). *See United States v. Strong*, 489 F.3d 1055, 1061 (9th Cir. 2007).

Ultimately, however, we need not resolve this question. Even if § 3161(h)(1)(F) does apply in the absence of a "proceeding," nothing in that provision suggests that it should trump the requirements of § 3161(h)(4).    As noted, § 3161(h)(1)(F) requires the exclusion of any "delay resulting from transportation of any defendant . . . except that any time consumed in excess of ten days . . . shall be presumed to be unreasonable." 18 U.S.C. § 3161(h)(1)(F).  The presumption that delays in excess of ten days are "unreasonable" is best understood merely to preclude the application of the transportation exclusion itself to the additional time.  Where, as here, a different exclusion provision also applies, nothing in the statute suggests that it should not operate as usual.

Romero argues that § 3161(h)(1)(F) must control under the "specific-controls-the-general canon," according to which we "avoid interpretations that render superfluous more specific [Speedy Trial Act] provisions."  *United States v. Hernandez-Meza*, 720 F.3d 760, 764 (9th Cir. 2013).  That canon does not apply here, because neither section is necessarily more specific than the other.    Section 3161(h)(1)(F) applies to the transportation of defendants not only as a result of their incompetence, but also "from another district, or to and from places of examination or hospitalization."    While it might be argued that the transportation exclusion is more specific, because it applies only when a defendant is moved from one place to another, it could just as well be argued that § 3161(h)(4) is the more specific provision, given that it applies *only* in the case of incompetence, whereas § 3161(h)(1)(F) applies to a wide range of transportation delays.  Section 3161(h)(1)(F), in other words, applies in circumstances where § 3161(h)(4) does not, and vice versa, so our reliance on § 3161(h)(4)

cannot "render [§ 3161(h)(1)(F)] superfluous." *Hernandez-Meza*, 720 F.3d at 764.

For these reasons, we affirm the district court's Speedy Trial Act ruling.[3]

**AFFIRMED.**

---

[3] Because we affirm on this basis, we do not consider the government's alternative argument that the time was excludable as a so-called "ends of justice" continuance under 18 U.S.C. § 3161(h)(7).