**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4089

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

BOBBY LEE MCCAINE MINTON,

        Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Kenneth D. Bell, District Judge. (5:19-cr-00084-KDB-DSC-1)

Argued:  March 22, 2024                      Decided:  April 30, 2024

Before AGEE, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Affirmed by published opinion. Judge Heytens wrote the opinion, in which Judge Agee and Judge Quattlebaum joined.

**ARGUED:** Megan Coyle Hoffman, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Julia Kay Wood, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF:** John G. Baker, Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Dena J. King, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

TOBY HEYTENS, Circuit Judge:

Bobby Lee Minton has a long history of mental illness and substance abuse. After an episode that started with him knocking on a stranger's door to ask for a drink of water and ended with him pulling a gun, Minton was convicted of possessing a firearm after being convicted of a felony. Minton argues the district court erred in not dismissing the indictment under the Speedy Trial Act. We disagree. Instead, we join the only circuit to have considered the issue in a published opinion in holding that 18 U.S.C. § 3161(h)(4) "automatically excludes all time during which a defendant is incompetent" from the Act's ambit "whether or not any other provisions of the Act apply." *United States v. Romero*, 833 F.3d 1151, 1154 (9th Cir. 2016). With that time excluded, Minton's case went to trial within the required period. We thus affirm.

I.

The Sixth Amendment's Speedy Trial Clause and the Speedy Trial Act both protect a criminal defendant's right to be tried promptly. Because Minton makes no constitutional claim, we consider only the Act.

Once a defendant has been charged, the Act imposes a 70-day deadline for "commenc[ing]" the trial. 18 U.S.C. § 3161(c)(1). But the Act also identifies various "periods of delay" that "shall be excluded . . . in computing" the 70-day period. § 3161(h).

Here, the Act's trial clock was triggered on December 16, 2019, when Minton first appeared before a judge. See 18 U.S.C. § 3161(c)(1). Then, on June 11, 2020, the district court concluded Minton was not competent to stand trial. The parties disagree about how much of the pre-June 11 period is excluded, but—even in Minton's view—46 days

2

remained on the Speedy Trial Act clock when the district court found him incompetent.[*]

On September 27, 2021, the district court found Minton's competency had been restored, and Minton does not assert any non-excludable delays occurred after that date. This appeal thus comes down to a single question: How much of the 473-day period between June 11, 2020 (when the district court found Minton incompetent) and September 27, 2021 (when the court found his competency had been restored) is included in the Speedy Trial Act calculation? That is a pure question of law, which we review de novo. See *United States v. Velasquez*, 52 F.4th 133, 138 (4th Cir. 2022).

## II.

Minton argues that 129 days of the incompetency period should be included in the Speedy Trial Act calculation. He notes that, after the district court committed him to the Attorney General's custody for competency restoration, 139 days passed before he arrived at the facility where those restoration efforts would occur. Minton arrives at the 129-day number by looking to 18 U.S.C. § 3161(h)(1)(F), which says delays of more than 10 days in transporting a defendant "to and from places of examination or hospitalization" "shall be presumed to be unreasonable." If he is correct, that 129-day period alone is enough to establish a violation of the Speedy Trial Act. See 18 U.S.C. § 3161(c)(1) (trial "shall commence" within 70 days).

---

[*] Minton also argues he was not formally declared incompetent until the court memorialized its oral ruling in a written order issued 12 days later. We need not resolve that issue because Minton agrees those 12 days were properly excluded either way.

3

The government responds that Minton has cited the wrong provision. In numbered paragraphs, the Speedy Trial Act lists eight "periods of delay" that "shall be excluded" "in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h)(1)–(8). Minton's argument is based on language from the first paragraph. In contrast, the government says the fourth paragraph controls here. That paragraph reads, in its entirety: "Any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial." § 3161(h)(4). The government contends that, under this provision, the entire 473-day incompetency period is excluded from the Speedy Trial Act clock.

We conclude the government has the better argument. Because we agree with the Ninth Circuit's analysis in *United States v. Romero*, 833 F.3d 1151 (2016), our discussion largely tracks that court's.

*First*, both "[t]he plain meaning of" Section 3161(h)(4) and its unusually clear legislative history favor the government's position. *Romero*, 833 F.3d at 1154. The statutory text says "[*a*]*ny* period of delay resulting from the fact that the defendant is mentally incompetent" "*shall* be excluded." 18 U.S.C. § 3161(h) (emphasis added). "On its face, this provision is absolute; any period during which a trial cannot commence because of a defendant's incompetence must be excluded." *Romero*, 833 F.3d at 1154. That conclusion is confirmed by the Speedy Trial Act's other provisions, some of which impose the sort of time-based limits that are conspicuously absent from Section 3161(h)(4). See, *e.g.*, 18 U.S.C. § 3161(h)(6) (allowing "[a] *reasonable* period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run"

4

(emphasis added)); § 3161(h)(8) (stating that a different type of excludable period may not "exceed one year"). It is also consistent with the House Committee Report's statement that Section 3161(h)(4) provides for the "exclusion" of *any* "period during which a defendant is incompetent to stand trial." H.R. Rep. No. 93-1508, at 33 (1974).

*Second*, "[t]he Supreme Court's Speedy Trial Act case law further supports this result." *Romero*, 833 F.3d at 1154. To the extent that Minton makes an argument grounded in the text of Section 3161(h)(4), he suggests the 129-day delay he identifies did not "result[ ] from" his incompetence to stand trial but was instead "caused by a failure to transport [him] to a facility for restoration." Minton Br. 14. But in *United States v. Tinklenberg*, 563 U.S. 647 (2011), the Supreme Court rejected just that sort of argument about a neighboring provision of the same statute. Instead, the Court held that provision applied "irrespective of whether" the triggering event (there, the filing of a pretrial motion) "actually causes" a "delay in starting a trial." *Id.* at 650, 653; accord *Bloate v. United States*, 559 U.S. 196, 205 n.9 (2010) (rejecting similar argument about a different provision of the Act). Any other result, the Court explained, "would significantly hinder the Speedy Trial Act's efforts to secure fair and efficient criminal trial proceedings" by requiring trial judges to figure out what events "actually cause[d]" the trial to be delayed. *Tinklenberg*, 563 U.S. at 650, 657.

We agree with the Ninth Circuit that "[t]he same reasoning applies to § 3161(h)(4)." *Romero*, 833 F.3d at 1155. "[T]he criminal trial of an incompetent defendant violates due process." *Medina v. California*, 505 U.S. 437, 453 (1992). For that reason, Minton's trial could not constitutionally commence between the time the district court declared him

5

legally incompetent and when the court later determined his competency had been restored. "Given this foundational principle of our criminal justice system, it would make little sense to require a district court to inquire into the applicability of § 3161(h)(4) in individual cases." *Romero*, 833 F.3d at 1155.

*Third*, the language Minton cites addressing transportation delays does not counsel a different result. Recall: 18 U.S.C. § 3161(h)(1)(F) says that "delay[s] resulting from transportation," including "to or from places of examination or hospitalization" count toward the 70-day period. But that language is not contained within the numbered paragraph that excludes "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent." 18 U.S.C. § 3161(h)(4). Instead, it is lodged in a subpart to a different numbered paragraph that addresses "delay[s] resulting from other proceedings concerning the defendant." § 3161(h)(1). And "there was no proceeding pending when" the 129-day delay took place because Minton had already been declared incompetent and "all proceedings had necessarily been put on hold until [Minton's] competency was restored." *Romero*, 833 F.3d at 1155–56. This too confirms our view that the relevant provision here is Section 3161(h)(4), not Section 3161(h)(1)(F).

*Finally*, we reject Minton's argument that this straightforward reading of the statute renders Section 3161(h)(1)(F) surplusage or violates the interpretive principle that the specific controls the general. That Section 3161(h)(1)(F) does not impact the Speedy Trial Act calculation during periods the defendant has been declared incompetent does not mean it does not work in other circumstances. Indeed, as Minton conceded in both his briefs and at oral argument, a defendant may need examination or hospitalization for reasons other

6

than competency restoration. (Think, for example, of an elderly defendant accused of racketeering acts who asks to be released from pretrial detention based on a medical condition and needs to be evaluated in connection with that request.) And the specific-controls-the-general canon "does not apply here, because neither section is necessarily more specific than the other." *Romero*, 833 F.3d at 1156. Rather, as just explained, the two provisions address different subjects: Section 3161(h)(1) covers delays caused by "other proceedings" while Section 3161(h)(4) governs those caused by the defendant's incompetence to stand trial.

*    *    *

A district court that agreed with Minton's argument here worried that any other "interpretation would theoretically allow a mentally incompetent defendant to be held indefinitely and without recourse under the Speedy Trial Act despite an existing court order directing that the defendant be transported to undergo treatment in an effort to return him to competence." *United States v. Black*, No. 21-CR-009-GKF, 2022 WL 17170707, at *6 (N.D. Okla. Nov. 22, 2022). No doubt, the prospect of indefinite detention of a mentally incompetent defendant is a serious matter. But the Speedy Trial Act is not the only game in town, and both the Due Process Clause and a different federal statute limit the government's ability to detain criminal defendants during competency restoration efforts. See, *e.g.*, *Jackson v. Indiana*, 406 U.S. 715, 738 (1972) ("[A] person charged . . . with a criminal offense who is [civilly] committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable

7

future."); 18 U.S.C. § 4241(d). Minton, however, makes no claim under *Jackson* or Section 4241(d) (or, as we have already noted, the Speedy Trial Clause of the Sixth Amendment). Answering only the question necessary to resolve this appeal, we hold the district court correctly denied Minton's motion to dismiss under the Speedy Trial Act because Section 3161(h)(4) excludes the entire period a criminal defendant is legally incompetent from the Act's 70-day trial clock.

The district court's judgment is

*AFFIRMED.*