**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0717n.06

**No. 11-4063**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
***Jul 03, 2012***
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee,* | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| THOMAS BALLATO, | ) | |
| | ) | |
| *Defendant-Appellant.* | ) | |

Before: SUTTON and GRIFFIN, Circuit Judges; and HOOD, District Judge.[*]

PER CURIAM. Thomas Ballato, a federal prisoner convicted of possession of child pornography, challenges his conviction based on the delay between this Court's remand order and the district court's decision on the remanded matter. He bases his challenge on his Sixth Amendment right to a speedy trial and, in the alternative, on his Fifth Amendment right to due process. He also challenges the district court's calculation under the Speedy Trial Act. After reviewing the record and considering the arguments presented on appeal, we **AFFIRM** Ballato's conviction.

**I.    Background**

On September 26, 2006, Ballato was charged with one count of receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). During a subsequent bond hearing, the district

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

court instructed Ballato to keep the court informed of the status of proceedings in state domestic court involving Ballato and his estranged wife. On June 25, 2007, Ballato filed a motion for supervised visitation or communication with his son and a renewed motion to strike or amend his bond conditions. On October 12, 2007, Ballato moved to dismiss the charges against him due to alleged violations of the Speedy Trial Act. The court denied the motion on April 8, 2008. Ballato conditionally pleaded guilty to count 2 of the superseding indictment on December 8, 2008, preserving his right to appeal the district court's Speedy Trial Act ruling. He was sentenced on April 10, 2009. He filed a notice of appeal one week later. On August 26, 2010, this Court vacated the district court's Speedy Trial Act decision based on the Court's understanding of 18 U.S.C. § 3161(h)(1)(D) and remanded the case for reconsideration in light of our decision in *United States v. Tinklenberg,* 579 F.3d 589 (6th Cir. 2009). Shortly thereafter, the United States Supreme Court granted a petition for writ of certiorari in *Tinklenberg. See Tinklenberg,* 579 F.3d 589, *cert. granted,* 131 S.Ct. 62 (2010). This Court's mandate issued on September 30. On October 22, 2010, the district court set a seventy-five day period in which the parties were to brief the issues under this Court's mandate.

During the remand period, Ballato filed a motion for bond and multiple motions for a status conference to review pending matters, including the motion for bond. On May 26, 2011, the Supreme Court issued its decision in *Tinklenberg,* 131 S. Ct. 2007 (2011), reversing the decision upon which the remand of Ballato's case was based. The district court then directed the parties to brief the remanded issues in light of the Supreme Court's decision in *Tinklenberg.* In addition to analyzing the issues in light of *Tinklenberg,* Ballato raised a Sixth Amendment claim based on the

length of time it was taking the district court to reach its decision on remand. On September 30, 2011, the district court affirmed its previous judgment and denied Ballato's motion to dismiss on Speedy Trial Act grounds. The district court additionally found that, based on his guilty plea, Ballato no longer had a Sixth Amendment right to a speedy trial and instead analyzed the length of delay under the Fifth Amendment Due Process Clause. The district court found that there had been no Fifth Amendment violation. Ballato filed this appeal on October 7, 2011. For the following reasons, the district court's decision will be affirmed.

## II. Discussion

### A. Ballato's Claims Under the Sixth and Fifth Amendments

Because Ballato was not prejudiced by the length of time that passed during remand, his claims under the Sixth and Fifth Amendments fail. "In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, we review questions of law de novo and questions of fact under the clearly-erroneous standard." *United States v. Brown,* 498 F.3d 523, 530 (6th Cir. 2007) (citing *United States v. Jackson,* 473 F.3d 660, 664 (6th Cir. 2007)). Assuming, *arguendo,* that, during remand, Ballato was still protected by the Sixth Amendment's Speedy Trial Clause, he has not demonstrated prejudice as contemplated by *Barker v. Wingo,* 407 U.S. 514 (1972). The presence or absence of prejudice is determined by considering three factors: the Court's desire "(I) to prevent oppressive pretrial incarceration; (ii) to minimize the anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker,* 407 U.S. at 532. Although Ballato was incarcerated during the remand period, his incarceration was not oppressive. Based on the Court's holding today, his appeal is without merit, and, thus, he was

merely serving his sentence as required by law. *See United States v. Antoine,* 906 F.2d 1379, 1382 (9th Cir. 1990) ("[W]hether this incarceration is unjustified and thus oppressive depends upon the outcome of his appeal on the merits, or subsequent retrial, if any. If his conviction was proper, there has been no oppressive confinement: he has merely been serving his sentence as mandated by law."); *see also United States v. Gray,* 52 F. App'x 650, 654 (6th Cir. 2002) (unpublished opinion) (citing *Antoine,* 906 F.2d at 1382) ("[T]he defendant was not subject to *oppressive* incarceration while the motion was pending because, as it turned out, the new trial motion was without merit.")

While it is possible that Ballato experienced enhanced "anxiety and concern" while awaiting the district court's decision on remand, he has failed to demonstrate that his defense was impaired in any way. *See Barker,* 407 U.S. at 532. Circumstances considered prejudicial in this context typically involve trial issues, such as the loss of witnesses or evidence. *See id; United States v. Ferreira,* 665 F.3d 701, 706 (6th Cir. 2011); *United States v. Young,* 657 F.3d 408, 420 (6th Cir. 2011). Ballato fails to argue that any such prejudice has occurred, but, rather, that he would be in a different procedural posture had the district court not awaited the Supreme Court's decision in *Tinklenberg.* Essentially, Ballato seeks to profit from a decision that was later determined to be erroneous by the United States Supreme Court. This is not the type of prejudice envisioned by *Barker* and its progeny. *See United States v. Smith,* 94 F.3d 204, 209-10 (6th Cir. 1996) ("Although these successive deferrals combined to create a period of almost three years between the government's notice of appeal and the Sixth Circuit's final opinion, it cannot be said that just period was unjustified, given the unusual flux in the case law on point."). Accordingly, the Court finds no violation of Ballato's Sixth Amendment right to a speedy trial.

Reviewing the district court's determination *de novo*, we agree that the length of time that passed during the remand period did not constitute a violation of Ballato's right to due process. *See United States v. Sanders,* 452 F.3d 572, 578 (6th Cir. 2006) (citing *Williams v. Coyle,* 260 F.3d 684, 706 (6th Cir. 2001)) ("A due process claim raising a mixed question of law and fact is reviewed *de novo*."). Because we apply the *Barker* analysis to Ballato's due process claim, he is precluded from prevailing on it for the same reasons that his Sixth Amendment claim fails. *See Sanders*, 452 F.3d at 578 (Supreme Court has applied *Barker* framework to claims brought under the Due Process Clause when the *Barker* interests are implicated). The Court notes that even if we applied the more general test set forth in *United States v. Lovasco,* 431 U.S. 783 (1977), as did the district court, the ultimate result is the same. *Lovasco* requires the Court to examine the reasons for the delay and the prejudice suffered by the defendant as a result of the delay. *Sanders,* 452 F.3d at 580 (citing *Lovasco,* 431 U.S. at 795-96). Through the filing of motions, both parties contributed to the district court's delay in rendering a decision. Further, the district court's decision to await the Supreme Court's decision in *Tinklenberg* was a judicious one. Rendering a potentially incorrect decision for the sake of expediency while that very issue was pending before the Supreme Court was not warranted. *See Smith,* 94 F.3d at 210. Additionally, the Court cannot see that Ballato has suffered any prejudice, other than the emotional turmoil he may have experienced as the result of being a defendant in his position. This alone is not enough to establish a due process violation. Accordingly, we find that Ballato's due process rights under the Fifth Amendment were not violated as a result of the delay of the district court's decision upon remand.

**B.** **Speedy Trial Act**

Ballato contends that the trial court incorrectly tolled the Speedy Trial Act clock based on a document that he filed on June 25, 2007, styled "Defendant's Motion for Supervised Visitation or Communication With Defendant's Son/Renewed Motion to Strike/Amend Bond Conditions." He now contends that this filing was not a motion but, rather, a status report that should not have resulted in a tolling of the Speedy Trial Act clock. Ballato's argument centers around a footnote in the district court's opinion denying Ballato's motion to dismiss, in which the court commented that, although a status report requested from Ballato had never been received, the motion at issue could have been construed as the requested status report, since both involved domestic relations. While Ballato did, in the June 25 filing, provide an update on the proceedings in state domestic relations court, he did so only in the context of supporting his motion to alter his bond conditions. Ballato's filing is characterized properly as a motion, since, through it, he sought the court's permission to visit or communicate with his son, as well as a ruling that his bond conditions were unconstitutional. Accordingly, the district court did not err in tolling the Speedy Trial clock from June 25, 2007 to July 25, 2007. Ballato concedes that both of his Speedy Trial Act arguments would have to succeed before a violation of the Speedy Trial Act could be found. Accordingly, it is unnecessary for the Court to consider Ballato's other point of error with respect to the district court's Speedy Trial Act determination.

**III.** **Conclusion**

For the reasons set forth above, we **AFFIRM** the judgment of the district court.