NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0129n.06

No. 25-3721

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Mar 12, 2026
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| DIEGO ANDRES ARATECO MUNOZ, | ) | |
| Petitioner, | ) | ON PETITION FOR REVIEW |
| | ) | OF AN ORDER OF THE |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| PAMELA BONDI, Attorney General, | ) | |
| Respondent. | ) | OPINION |
| | ) | |

Before: MOORE, THAPAR, and MATHIS, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Petitioner Diego Andres Arateco Munoz seeks review of a final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") decision denying his application for post-conclusion voluntary departure. Arateco Munoz argues that the BIA violated the Immigration and Nationality Act ("INA") by considering his convictions for driving while intoxicated because he was convicted after he applied for voluntary departure. Arateco Munoz also contends that considering those convictions rendered the denial of voluntary departure legally erroneous because it was fundamentally unfair. For the reasons that follow, we **DENY** the petition for review.

## I. BACKGROUND

Arateco Munoz is a citizen of Colombia who entered the United States in 2008 as a J-1 exchange visitor. Administrative Record ("A.R.") at 124 (I-213 Form at 3). Arateco Munoz then received a student visa. *Id.* Arateco Munoz applied for an adjustment of status in 2013, which the

Government denied. *Id.* Arateco Munoz exited and entered the United States several times after 2008 using an approved advance parole document, and he most recently entered the United States and applied for admission on January 21, 2020. *Id.* at 124–25 (I-213 Form at 3–4); *id.* at 1011 (Additional Charges of Inadmissibility at 1). Shortly thereafter, the Department of Homeland Security ("DHS") initiated removal proceedings against him. *Id.* at 1189 (Notice to Appear at 1).

In 2021, the IJ found that Arateco Munoz was removable. *Id.* at 526 (2/11/2021, Hr'g Tr. at 173). Arateco Munoz then applied for cancellation of removal based on the exceptional and extremely unusual hardship his mother, a lawful permanent resident, would face if he was removed. *Id.* at 701–08 (Application for Cancellation of Removal). The IJ denied Arateco Munoz's application because his mother would not face exceptional and extremely unusual hardship from his removal. *Id.* at 329–30 (4/21/2021 IJ Decision at 7–8). The IJ also found that Arateco Munoz was a person of good moral character, despite a prior conviction for assault and a then-pending charge for driving while intoxicated, and that he was entitled to a favorable exercise of discretion but for his failure to show exceptional and extremely unusual hardship to his mother. *Id.* at 328 (4/21/2021 IJ Decision at 6). After the IJ announced the removability decision, Arateco Munoz applied for post-conclusion voluntary departure. *Id.* at 692–93 (4/21/2021 Hr'g Tr. at 336–37). The IJ denied the application based on the belief that Arateco Munoz was "not eligible" for post-conclusion voluntary departure because he was an "arriving alien." *Id.* at 693–94 (4/21/2021 Hr'g Tr. at 337–38). Arateco Munoz appealed the IJ's decision to the BIA. *Id.* at 313–16 (Notice of Appeal).

Initially, Arateco Munoz was not detained while his appeal was pending. *Id.* at 314 (Notice of Appeal at 1). In September 2023, the BIA notified Arateco Munoz and the Government that it

intended to remove Arateco Munoz's appeal from its active docket. *Id.* at 270 (Notice of Intent to Take Case Off the Board's Active Docket at 1). The notice informed the parties that the case would remain on the BIA's active docket if "either party cho[]se[] to submit a written notification." *Id.* Arateco Munoz did not do so. On August 13, 2024, the Government requested that Arateco Munoz's case be placed back on the BIA's active docket because Arateco Munoz had been detained following his arrest for driving while intoxicated. *Id.* at 267–68 (DHS Request); *id.* at 55, 59–60 (2/19/2025 Hr'g Tr. at 2, 6–7). The BIA issued its opinion on January 21, 2025, and affirmed the IJ's cancellation of removal determination. *Id.* at 236–38 (1/21/2025 BIA Decision). The BIA, however, held that there was no bar against "arriving aliens" being granted post-conclusion voluntary departure and remanded for the IJ "to consider the respondent's application for voluntary departure." *Id.* at 238. The BIA instructed that "[t]he scope of remand shall not include any issues other than the respondent's eligibility for voluntary departure under section 240B(b) of the INA, 8 U.S.C. § 1229c(b), and whether the respondent should be granted voluntary departure in the exercise of discretion." *Id.*

On remand, the IJ determined that Arateco Munoz was ineligible for voluntary departure because he lacked good moral character due to his two convictions for driving while intoxicated, convictions which occurred after the IJ's initial 2021 decision. *Id.* at 37–39 (3/31/2025 IJ Decision at 6–8). The IJ also denied Arateco Munoz voluntary departure on discretionary grounds, emphasizing his convictions. *Id.* Arateco Munoz appealed to the BIA. *Id.* at 26–28 (Notice of Appeal). The BIA dismissed the appeal, reasoning that the IJ was permitted to consider Arateco Munoz's convictions even though they occurred after his initial application for voluntary departure in 2021. *Id.* at 2–3 (8/25/2025 BIA Decision).

Arateco Munoz filed a petition for review of the BIA's decision and an emergency motion for a stay of removal in this court. D. 1 (Petition for Review); D. 4 (Emergency Motion). We denied his emergency motion because of a statutory bar on granting stays of removal pending consideration of voluntary-departure claims. D. 11 (Order at 2) (citing 8 U.S.C. § 1229c(f)).

## II. ANALYSIS

Arateco Munoz challenges the BIA's decision to deny him post-conclusion voluntary departure. Voluntary departure permits noncitizens to leave the United States on their own within a certain time period and to "avoid statutory penalties," and it saves the Government "the costs of removal." *Pastor-Hernandez v. Bondi*, 155 F.4th 839, 842 (6th Cir. 2025). The Attorney General, or the BIA by delegation, may grant noncitizens post-conclusion voluntary departure if they satisfy certain criteria. *Id.*; 8 U.S.C. § 1229c(b)(1). As relevant here, one of the requirements the noncitizen must satisfy to be eligible for post-conclusion voluntary departure is that he or she "is, and has been, a person of good moral character for at least 5 years immediately preceding the [noncitizen's] application for voluntary departure." 8 U.S.C. § 1229c(b)(1)(B). "Even if [noncitizens] meet [all of the] requirements, though, they do not automatically qualify for relief" because the Attorney General, or the BIA by delegation, retains "residual discretion over whether to allow [noncitizens] to voluntarily depart." *Pastor-Hernandez*, 155 F.4th at 842.

Before moving to the merits of Arateco Munoz's arguments, we briefly discuss our jurisdiction. "Our jurisdiction to review decisions of the BIA is 'sharply circumscribed' by Congress." *Sarkisov v. Bondi*, 160 F.4th 696, 702 (6th Cir. 2025) (quoting *Patel v. Garland*, 596 U.S. 328, 332 (2022)). We lack jurisdiction to review denials of discretionary relief, such as voluntary departure, unless the petition for review presents "constitutional claims or questions of

law." *Id.* (quoting *Singh v. Rosen*, 984 F.3d 1142, 1148 (6th Cir. 2021)); 8 U.S.C. § 1252(a)(2)(B), (a)(2)(D); *Pastor-Hernandez*, 155 F.4th at 842. We may not review "pure questions of fact," or "purely discretionary decisions" unmoored from legal or constitutional claims. *Sarkisov*, 160 F.4th at 703.

Arateco Munoz's petition presents two questions of law, and therefore we have jurisdiction to consider his claims. *Sagastume v. Holder*, 490 F. App'x 712, 715 (6th Cir. 2012); *Perez-Roblero v. Holder*, 431 F. App'x 461, 470 (6th Cir. 2011); *Aburto-Rocha v. Mukasey*, 535 F.3d 500, 503 (6th Cir. 2008). "In cases where the BIA adopts the decision of the IJ and contributes its own analysis," *Sagastume*, 490 F. App'x at 715, as it did here, "we review the opinion of the IJ in conjunction with the BIA's additional comments and discussion," *id.* (quoting *Abdurakhmanov v. Holder*, 666 F.3d 978, 981 (6th Cir. 2012)).

Arateco Munoz first argues that the BIA committed legal error by considering his two convictions for driving while intoxicated in finding he did not have good moral character because he asserts that 8 U.S.C. § 1229c(b)(1)(B) precludes consideration of events that occurred after his initial application for voluntary departure in 2021. Pet'r Br. at 14. This is a question of statutory interpretation, which we review de novo without deference to the BIA. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412–13 (2024); *Moctezuma-Reyes v. Garland*, 124 F.4th 416, 420 (6th Cir. 2024).

We begin our analysis with the language of the statute, *Moctezuma-Reyes*, 124 F.4th at 421, which requires that "the [noncitizen] is, and has been, a person of good moral character for at least 5 years immediately preceding the [noncitizen's] application for voluntary departure," 8 U.S.C. § 1229c(b)(1)(B). Congress chose to use "is," in addition to "has been," in drafting the

good-moral-character requirement. "Consistent with normal usage, [courts] . . . look[] to Congress'[s] choice of verb tense to ascertain a statute's temporal reach." *Carr v. United States*, 560 U.S. 438, 448 (2010); *see also Gundy v. United States*, 588 U.S. 128, 142 (2019) (plurality opinion). Congress's inclusion of both a present tense verb, "is," and a present-perfect verb, "has been," *Hernandez-Serrano v. Barr*, 981 F.3d 459, 467 n.1 (6th Cir. 2020), is therefore instructive of the provision's temporal reach, *Carr*, 560 U.S. at 448. By using "is," Congress made clear that it intended the good-moral-character inquiry to include whether a noncitizen is a person of good moral character at the time of adjudication; it did not intend to freeze the inquiry at the date of application.

Further support for our interpretation is found in Congress's use of "at least." The statute provides that the noncitizen must have been a person of good moral character "for *at least* 5 years immediately preceding" the application. 8 U.S.C. § 1229c(b)(1)(B) (emphasis added). "At least" means "at the minimum." *At Least,* Merriam-Webster Dictionary (10th ed. 1995); *see also At Least*, Random House Unabridged Dictionary (2d ed. 1993) ("at the lowest estimate or figure"). This indicates that Congress was setting a floor, not a ceiling, in requiring that the noncitizen have been a person of good moral character for five years immediately preceding their application for voluntary departure. That floor does not prohibit an IJ from considering a noncitizen's post-application, but pre-adjudication, conduct.

Against this conclusion, Arateco Munoz argues that the statute's language "identifies a discrete five-year look-back period tied to a specific historical event—the filing of the application"—and that "'immediately preceding' leaves no room for elasticity or continuing

accrual." Pet'r Br. at 15.[1]  But Arateco Munoz's interpretation asks us to ignore Congress's use of the word "is," which would require us to discard the important principle of statutory interpretation that courts must interpret whole statutes, not only isolated words.  *Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264, 275 (2023).  We must look at the full provision, not only "immediately preceding the [noncitizen's] application" in isolation.

Our interpretation is consistent with the very cases Arateco Munoz cites.  *See* Pet'r Br. at 16–17.  The Eighth and Ninth Circuits have held that the requirement in the Nicaraguan Adjustment and Central American Relief Act ("NACARA") that a noncitizen "has been a person of good moral character" for "a continuous period of not less than 7 years immediately preceding the date of such application" prohibits consideration of post-application conduct.  *Cuadra v. Gonzales*, 417 F.3d 947, 950–51 (8th Cir. 2005); *Aragon-Salazar v. Holder*, 769 F.3d 699, 701, 704 (9th Cir. 2014).  The courts reasoned that the language created a fixed period for consideration that is measured from the time of application, not adjudication.  *Cuadra*, 417 F.3d at 950–51; *Aragon-Salazar*, 769 F.3d at 704.  But both courts supported their holdings by comparing the language in NACARA with language of a now-repealed statute, which required a finding that the noncitizen "was and is a person of good moral character" "for a continuous period of not less than seven years immediately preceding the date of such application."  *Cuadra*, 417 F.3d at 951; *Aragon-Salazar*, 769 F.3d at 704–05.  The courts reasoned that Congress's use of "was and is" in that statute "expand[ed] the required period of good moral character beyond the period

---

[1]Arateco Munoz cites *Serrato-Soto v. Holder*, in which we stated that "Serrato-Soto does not dispute that his 2004 conviction occurred within the five-year period before his July 2006 application for voluntary departure." 570 F.3d 686, 689 (6th Cir. 2009).  But in that case, the conviction fell within five years of both the application for voluntary departure and its adjudication, so the court had no occasion to consider this issue.

immediately preceding the date of application." *Cuadra*, 417 F.3d at 951; *Aragon-Salazar*, 769 F.3d at 705. That is precisely what Congress did in § 1229c(b)(1)(B) by choosing to use "is, and has been," instead of only "has been."[2] In conclusion, we hold that the IJ may consider conduct that occurred prior to the time of adjudication when determining whether a noncitizen is a person of good moral character for purposes of § 1229c(b)(1)(B).

Arateco Munoz next argues that the IJ should not have considered his convictions for driving while intoxicated because the BIA's remand "directed the IJ to correct a legal error, . . . not to reopen factual eligibility." Pet'r Br. at 17. But the BIA's order did not so limit the IJ. Instead, the order provided that "[t]he scope of remand shall not include any issues other than the respondent's eligibility for voluntary departure under section 240B(b) of the INA, 8 U.S.C. § 1229c(b), and whether the respondent should be granted voluntary departure in the exercise of discretion." A.R. at 238 (1/21/2025 BIA Decision at 3). The IJ did just that and therefore did not exceed the scope of the remand.

Arateco Munoz contends that the *nunc pro tunc* doctrine "reinforces th[e] conclusion" that the remand was remedial in nature and therefore the IJ should not have considered his convictions. Pet'r Br. at 17–20. *Nunc pro tunc* is an equitable doctrine that "should be applied as justice requires." *Ramirez-Canales v. Mukasey*, 517 F.3d 904, 910 (6th Cir. 2008). But the BIA did not invoke this doctrine, or even the general concept of equity, and did not so limit the remand. To

---

[2]The Government cites our sibling circuits' cases interpreting 8 U.S.C. § 1229b(b)(1)(B) to support this conclusion. Resp't Br. at 22 n.6. We do not rely on those cases for two reasons. First, as the Government acknowledges, the language in § 1229b(b)(1)(B) requires only that the noncitizen "has been" a person of good moral character, not "is, and has been," as § 1229c(b)(1)(B) does. Second, the cases all held that post-application conduct may be considered by explicitly relying on *Chevron* deference, which is no longer good law after *Loper Bright*. *See Mejia-Castanon v. Att'y Gen.*, 931 F.3d 224, 235–36 (3d Cir. 2019); *Rodriguez-Avalos v. Holder*, 788 F.3d 444, 453–55 (5th Cir. 2015) (per curiam); *Duron-Ortiz v. Holder*, 698 F.3d 523, 526–28 (7th Cir. 2012).

the extent Arateco Munoz is arguing that the BIA should have granted him relief *nunc pro tunc*, or that we should, such equitable relief cannot be granted in "contravention of the expressed intent of Congress." *Edwards v. I.N.S.*, 393 F.3d 299, 309 (2d Cir. 2004); *see also Ramirez-Canales v. Holder*, 378 F. App'x 540, 544 (6th Cir. 2010) (per curiam). Arateco Munoz presents no argument as to why granting him relief *nunc pro tunc* would not contravene Congress's expressed intent that a noncitizen must be a person of good moral character at the time of adjudication, and thus we decline to consider that issue here. *United States v. Crowe*, 614 F. App'x 303, 313 (6th Cir. 2015) ("We think that it is inappropriate for us to analyze an issue that has not been briefed by the parties.").

Arateco Munoz's final argument is that the BIA violated the INA when it determined that he was not entitled to a favorable exercise of discretion because it was fundamentally unfair to do so in his case. Pet'r Br. at 21–26. Arateco Munoz argues that the INA, separate and apart from constitutional due process, imposes a legal requirement that immigration proceedings be fundamentally fair, as demonstrated by regulations such as 8 C.F.R. § 1003.12. *Id.* at 22–24. Assuming arguendo that the INA does so, we conclude that the BIA did not violate any such legal requirement here.

Arateco Munoz contends that the decision was fundamentally unfair because the IJ previously determined that he was a person of good moral character and was entitled to a favorable exercise of discretion in connection with its ruling on his application for cancellation of removal. The IJ reached those determinations despite Arateco Munoz's conviction for "second degree assault" and his then pending drunk driving charge because he was a "hardworking" person, owned a business that employed people, "paid taxes," "cared for his mother," and was a "caring and

9

supportive brother." A.R. 328–29 (4/21/2021 IJ Decision at 6–7). Given these conclusions, Arateco Munoz argues that the only proper course upon remand was to grant him voluntary departure as the IJ should have done in 2021 and to ignore his subsequent convictions. Pet'r Br. at 21–25. He also argues that the length of time the BIA took to decide his appeal made the consideration of his subsequent convictions unfair. *Id.* We have already determined that the BIA was permitted to consider his post-application convictions, and therefore doing so did not make the proceedings fundamentally unfair despite the IJ's previous finding that Arateco Munoz was a person of good moral character and was entitled to a favorable exercise of discretion regarding his application for cancellation of removal.

The length of time the BIA took to resolve Arateco Munoz's appeal did not make the proceedings fundamentally unfair either. Delay alone does not render proceedings fundamentally unfair. *Cf. United States v. Brown*, 959 F.2d 63, 67 (6th Cir. 1992) (noting that delays in criminal proceedings of up to five years have been held to not violate due process); *United States v. Smith*, 94 F.3d 204, 211–13 (6th Cir. 1996) (holding a three-year delay in deciding an appeal did not violate due process when the defendant was out of custody during the pendency of the appeal and the delay did not otherwise prejudice the defendant). Instead, there must be some unfair prejudice resulting from the delay. *Cf. United States v. Ballato*, 486 F. App'x 573, 576 (6th Cir. 2012) (per curiam). Here, there is none. The only detrimental effect of the delay was that Arateco Munoz had time to incur two convictions for driving while intoxicated. Arateco Munoz points to no other independent harms that he could not have avoided by choosing not to engage in criminal conduct. Arateco Munoz also could have caused the BIA to keep his case on its active docket by submitting a request to the BIA, A.R. at 270 (Notice of Intent to Take Case Off the Board's Active Docket at

10

1), which would likely have triggered an earlier decision in his case, but Arateco Munoz did not do so.

Additionally, Arateco Munoz was not in custody during the pendency of his appeal to the BIA until his second arrest for driving while intoxicated in August 2024, *id.* at 314 (Notice of Appeal at 1); *id.* at 267–68 (DHS Request); *id.* at 55, 59–60 (2/19/2025 Hr'g Tr. at 2, 6–7), and the BIA issued its opinion approximately five months after he was taken into custody, on January 21, 2025, *id.* at 236–38 (1/21/2025 BIA Decision). Therefore, Arateco Munoz also was not unfairly prejudiced by being detained for the lengthy pendency of his appeal. In the end, the proceedings were not fundamentally unfair, and therefore the BIA did not commit a legal error by considering Arateco Munoz's two convictions.

### III.  CONCLUSION

For the foregoing reasons, we **DENY** the petition for review.